UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREGORY L. ELEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:04-CV-416 TS |
| vs. | ) |
| | ) |
| JAMES HERMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Gregory L. Eley, Sr., a *pro se* prisoner, filed a motion seeking leave to amend his complaint, along with a proposed amended complaint. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) quoting Fed. R. Civ. P. 15(a).

In accordance with 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).[1] *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has

---

[1] This rule provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

> deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Eley's amended complaint alleges that he was denied the opportunity to practice his religion. Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). "The 'free' exercise of religion thus is rather a misnomer in the prison setting." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988). "[T]he prison is entitled to curtail these rights to the extent necessary to protect security." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (1988).

Mr. Eley's amended complaint is much less specific than his original complaint. Mr. Eley alleges that Sheriff James Herman violated his First and Fourteenth Amendment rights as well as 42 U.S.C. § 2000cc-1 when he created and enforced a custom, policy, and tradition to deny him the right to practice his religion, but did not impose the same restrictions on the practice of other religions. This states a claim against Sheriff James Herman in both his individual and official capacities.

2

Mr. Eley alleges that Sheriff James Herman prevented Chaplin Richard Sievers from providing him with religious literature or services. He alleges that the Sheriff is responsible for the programs and activities at the jail. He alleges that the Chaplin cannot conduct programs without the Sheriff's approval. He alleges that when he asked the Chaplin for religious assistance, the Chaplin referred him to the Sheriff. These allegations do not state any additional claims against Sheriff James Herman. Moreover, the do not state a claim against Chaplin Richard Sievers: Mr. Eley that Chaplin Richard Sievers did everything within his power to assist Mr. Eley to obtain assistance with his requests. Therefore Chaplin Richard Sievers will be dismissed.

Mr. Eley alleges that Sheriff James Herman and the Allen County Police Department Confinement Division violated his Eighth and Fourteenth Amendment rights because it housed three inmates in cells constructed for two, because inmates slept on the floor of the dayroom and gym, and because he was unable to participate in physical activities and recreation.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing,

3

and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Mr. Eley does not allege that he slept on the floor, but even if he had, sleeping on the floor, though inconvenient, uncomfortable, and unpleasant, does not deny an inmate the minimal civilized measure of life's necessities and it does not violate his Constitutional rights.

> [The plaintiff] claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue.

*Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988).

> Lack of exercise may certainly rise to a constitutional violation. Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened and the state's constitutional obligation is compromised.

*French v. Owens*, 777 F.2d 1250 (7th Cir. 1985) *cert. denied*, 479 U.S. 817 (1986). In *Hendrix v. Faulkner*, 525 F.Supp. 435 (N.D. Ind. 1981) *rev'd on other grounds Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983), this court found no violation where inmates were permitted out of their cells only three and one half hours per week. Mr. Eley does not allege, and based on this complaint it would not be reasonable to infer, that he was denied access to the dayroom and confined to his cell for more than twenty-three and a half hours a day. Therefore these claims, and the Allen County Police Department Confinement Division, will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to file an amended complaint (docket # 22);

(2) **GRANTS** the plaintiff leave to proceed against Sheriff James Herman in both his individual and official capacities for monetary damages, on his First Amendment free exercise of

religion claims, his Fourteenth Amendment equal protection claims related to the practice of his religion, and 42 U.S.C. § 2000cc-1;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Chaplin Richard Sievers and the Allen County Police Department Confinement Division;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Sheriff James Herman to the United States Marshals Service along with a copy of this order and a copy of the amended complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sheriff James Herman; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff James Herman respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which Gregory Lynn Eley, Sr. has been granted leave to proceed in this screening order.

SO ORDERED on June 3, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT