**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **GREGORY L. ELEY, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:04-cv-416** |
| | ) | |
| **JAMES HERMAN, SHERIFF OF ALLEN** | ) | |
| **COUNTY, in his individual and official** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is *pro se* Plaintiff Gregory Eley's Motion to Compel Discovery from

Defendant James Herman (Docket # 54), filed pursuant to Federal Rule of Civil Procedure 37(a).

Specifically, Eley requests that Herman produce: (1) "Inmate Request Forms" of inmates who

requested the Holy Qur'ans and Bible, who wished to participate in Ramadan, or who desired to

engage in Muslim prayers; (2) a complete version of the summary, policies, and procedures

sections of the *United States Marshals Service Core Detention Standards*; (3) operational

inspections and review reports conducted in accordance with Section A.2 of the *Standards*; and

(4) inspections conducted using USM-218 forms.

Eley alleges that Herman inadequately responded to these requests for documents and

asks the Court to impose sanctions on Herman under Federal Rule of Civil Procedure 37. After

considering the motion and the relevant law, the Court finds that his motion to compel should be

GRANTED in part and DENIED in part, while his motion for sanctions should be DENIED.

**II. DISCUSSION**

## A. Herman Will be Required to Produce "Inmate Request Forms"

Eley first requests Herman to produce "Inmate Request Forms" for the past three years of inmates who requested the Holy Qur'ans and Bible, who wished to participate in Ramadan, or who desired to engage in Muslim prayers. (Mot. for Order Compelling Disc. 2.) Because there are approximately 800 inmates housed in the jail at any given time and because the forms are filed in each inmate's individual packet,  Herman insists that it is unduly burdensome to retrieve this information (Def.'s Resp. to Pl.'s Mot. to Compel 2.)

If Herman is to resist discovery as unduly burdensome, he must "adequately demonstrate the nature and extent of the claimed burden" by making a "specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *Melendez v. Greiner*, No. 01 Civ.07888 SAS DF, 2003 WL 22434101, at *4 (S.D.N.Y. Oct. 23, 2003) (*citing Caines v. City of New York*, No. 01 Civ. 7229 (RCC) (DFE), 2003 WL 151993, at *1 n.1 (S.D.N.Y. Jan. 21, 2003) ("[C]onclusory assertion of burdensomeness is 'entitled to no weight whatsoever.'"). Here, Herman has made merely a conclusory allegation that disclosure would be burdensome because of the large amount of inmates housed at the jail. He does not tell us how many files would need to be reviewed, how long it would take, or how many employees would be involved. He also provides no specifics as to the actual number of inmates who made such requests or whether these Muslim inmates are readily identifiable; these details would reveal how many files would, in fact, need to be examined.

Moreover, Herman cannot use the jail's system of filing requests in each inmate's individual packet  as an excuse for not producing the documents, as "[t]he fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested

documents . . . is not a sufficient reason to prevent disclosure of otherwise discoverable material." *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991).

Herman further argues that the requested information is irrelevant, but this argument is also unconvincing. "Relevance" for discovery purposes is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Here, information about other Muslim inmates who were denied religious requests are highly relevant, as it might reveal evidence of an official policy, practice, or custom of the Sheriff to discriminate on the basis of religion. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

### B. All Other Requests for Production Will be Denied

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody or control" of the served party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g.*, *Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind. 1990).

Here, Eley requests a complete version of the summary, policies, and procedures sections of the *United States Marshals Service Core Detention Standards*. (Mot. for Order Compelling Disc. 2.) Herman produced what he believed was a complete copy on September 16, 2005, but now admits that the most crucial part, the section pertaining to religious programs and services,

3

was not included, claiming it was missing from his own copy of the *Standards*. (Def.'s Resp. to Pl.'s Mot. to Compel 2-3.)

Eley also requests copies of operational inspections and review reports conducted in accordance with the Section A.2 of the *Standards* and inspections conducted using federal USM-218 forms. (Mot. for Order Compelling Disc. 2-3.) Herman responds that the Allen County Police Department does not use federal inspection forms and that he provided Eley with the County's own Jail Inspection Report forms, which the United States Marshals Service has never deemed objectionable. (Def.'s Resp. to Pl.'s Mot. to Compel 2-3.)

Even if Herman has no documents to produce in response to a request, Eley is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)"); *see also* Grening, Jay E. & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2nd ed. 2002).

Accordingly, Herman (or someone in authority on his behalf) will be ordered to execute an affidavit (1) stating that after diligent search there are no responsive documents in the Sheriff Department's "possession, custody or control," as that term is defined *supra*, other than those previously produced, *id.*; *see also Cent. States, S.E. and S.W. Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing its efforts to locate documents responsive to the requests at issue in Eley's motion to compel, *see Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).  The affidavit must fulfill these two requirements for *each* document request that Eley claims has not been satisfactorily answered.

4

## C. Eley Will Not Be Awarded Expenses

Eley asks the Court to award him monetary sanctions in an unspecified amount pursuant to Federal Rule of Civil Procedure 37, maintaining that Herman did not fully respond to his discovery requests in a timely manner. Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides that "the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion . . . unless the court finds that the . . . opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). Substantially justified does not mean "'justified to a high degree,' but rather 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Here, Herman's belief that he does not have some of the documents requested and that it is burdensome to sort through a multitude of inmate files spanning the course of three years to find "Inmate Request Forms" demonstrates that his nondisclosure was substantially justified. Thus, Eley will not be awarded expenses.

## III. CONCLUSION

For the foregoing reasons, Eley's Motion to Compel (Docket # 54) is GRANTED in part and DENIED in part. In regards to Eley's request for the *Standards* and inspection reports, Herman (or someone in authority with personal knowledge on his behalf) is ORDERED to execute an affidavit (1) stating that after diligent search there are no responsive documents in the Sheriff Department's "possession, custody or control" other than those previously produced, and (2) describing its efforts to locate documents responsive to the requests at issue in Eley's motion

5

to compel. Furthermore, Eley's Motion for Sanctions is DENIED.

SO ORDERED.

Enter for November 21, 2005.

                                            S/ Roger B. Cosbey
                                            Roger B. Cosbey
                                            United States Magistrate Judge