UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GREGORY L. ELEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:04-CV-00416 |
| | ) | |
| JAMES HERMAN, SHERIFF OF ALLEN COUNTY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

Before the Court are three motions filed by *pro se* Plaintiff Gregory Eley: (1) Motion for Subpoena (Docket # 69); (2) Motion for Extension in Discovery (Docket # 70); and (3) Second Motion for Order to Compel Defendant to Provide Discovery (hereinafter referred to as the "Second Motion to Compel") (Docket # 79).  Also before the Court are three motions filed by Defendant James Herman: (1) Motion for Telephonic Discovery Status Conference (Docket # 81); (2) Motion to Quash Plaintiff's Motions for Deposition Upon Written Questions (Docket # 88); and (3) Motion for Extension of Time to Submit Cross-Examination Questions Until After the Court Rules Whether Depositions Upon Written Questions Will Proceed (Docket # 88).[1]  The Court will address each of these motions in turn.

---

[1] Herman also has a Motion for Summary Judgment (Docket # 85) pending, which will be addressed separately by Judge Springmann.

## II.  RELEVANT PROCEDURAL BACKGROUND

Eley filed a complaint against Herman on November 5, 2004, asserting that Herman violated his constitutional rights to practice his Islamic religion during his stay as an inmate at the Allen County Jail. (Docket # 1, 6.)  On July 25, 2005, a scheduling conference was held with the parties, where a discovery deadline of December 15, 2005, and a dispositive motion deadline of January 25, 2006, were established. (Docket # 40.)  Discovery was then commenced by the parties on August 4, 2005. (*See* Docket # 44.)

On October 17, 2005, Eley filed his first motion to compel discovery responses from Herman (Docket # 54), which this Court granted in part and denied in part (Docket # 65). Approximately seven weeks later, Eley filed the first of the motions to be discussed herein.

## III.  DISCUSSION

### *A.  Eley's Motion for Subpoena*

On December 9, 2005, prior to the close of discovery, Eley filed a Motion for Subpoena (Docket # 69), seeking to serve a subpoena on Gray Mead, Assistant Director of the United States Marshals Service (the "Marshals Service"), to obtain (1) a "complete version of summaries, policies, and procedures of the United States Marshals Service Core Detention Standards" (hereinafter referred to as the "Standards"); and (2) "[i]nspections conducted using federal USM-218 forms by the Allen County Police Department Confinement . . . from October 2003 to December 2005" (hereinafter referred to as the "USM-218 Forms"). (*See* Mot. for Subpoena at 2.)

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Relevant information

2

need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Eley states in his Second Motion to Compel that he has now obtained from the Marshals Service under the Freedom of Information Act ("FOIA") a complete version of the June 2001 Standards and a USM-218 Form, which reports the results of a federal inspection completed on the Allen County Jail on July 25, 2004.  Thus, since Eley acknowledges that he has the desired June 2001 Standards and the 2004 USM-218 Form, the Court will DENY AS MOOT his Motion for Subpoena with respect to the June 2001 Standards and the 2004 USM-218 Form.

As to the remaining 2003 and 2005 USM-218 Forms, Eley has diligently attempted to obtain them from both the Marshals Service and Herman. (*See* Mot. for Subpoena at 2); *see also* N.D. Ind. L.R. 37.1 (stating that a movant must first in good faith confer or attempt to confer with the person or party in an effort to resolve a discovery matter without court action). Apparently he has been unsuccessful; in fact, Herman commented that Eley was on a "wild goo[se] chase" as to *any* USM-218 Forms, stating that "none exist." (Def.'s Resp. in Opp'n to Pl.'s Req. for Subpoena and Extension of Disc. at 1, 2.)  As Eley has clearly shown, Herman was mistaken, at least with respect to the 2004 USM-218 Form.

Moreover, the USM-218 Forms are relevant to Eley's cause.  Section G.2 of the USM-218 Form rates the provision of opportunities by the Allen County Jail for the religious practices

3

of inmates. (*See* Second Mot. to Compel, Ex. 10, ¶ G.2.)

Therefore, for the foregoing reasons, the Court will GRANT Eley's Motion for Subpoena solely with respect to USM-218 Forms completed for inspections of the Allen County Jail in 2003 and 2005, and Eley will be directed to cause the subpoena to be served forthwith.

### B. Eley's Motion for Extension in Discovery

Contemporaneous with his Motion for Subpoena, Eley filed a Motion for Extension in Discovery. (Docket # 70.)  In the motion, Eley seeks an extension of the December 15, 2005, discovery deadline until such time that he obtains the desired Standards and USM-218 Forms.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a "schedule shall not be modified except upon a showing of good cause." *See* N.D. Ind. L.R. 16.1(i).  To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *see also Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997) ("the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action"); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *2 (N.D. Ind. Oct. 20, 1997) (emphasizing that the good cause requirement of Rule 16(b) focuses on the diligence of the party seeking the modification).

Here, Eley filed his Motion for Subpoena before the discovery deadline; however, he failed to budget adequate time to *receive* a response within the discovery period. *See Gordon v. Ne. REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply.")  Nonetheless, considering that Eley is a *pro se* litigant, that his efforts were likely hampered by Herman's misinformation that "no

4

federal inspections" occurred (*see* Def.'s Resp. to Pl.'s Req. for Produc. of Docs., Req. No. 3; Def.'s Resp. in Opp'n to Pl.'s Req. for Subpoena and Extension of Disc. at 2), and that the subpoena on a third party does not prejudice Herman, the Court finds good cause to extend the discovery period, however, solely until Eley receives a response to his subpoena for the USM-218 Forms. *See generally Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1998) (opining that the Court must take appropriate measures to permit the adjudication of a *pro se* claim on the merits, rather than to dismiss it on technical grounds).

Therefore, because Eley's Motion for Subpoena will be granted with respect to the 2003 and 2005 USM-218 Forms, his Motion for Extension in Discovery will be GRANTED solely with respect to such time that is reasonable and necessary for Eley to receive a response to his subpoena for the USM-218 Forms.  The December 15, 2005, discovery deadline, however, will *not* be extended with respect to any other discovery.

### C.  Eley's Second Motion to Compel

On January 13, 2006, Eley filed his Second Motion to Compel (Docket # 79), which seeks to compel certain discovery responses from Herman, impose sanctions on him for allegedly withholding evidence, and strike the affidavit of Assistant Jail Commander Trina Haywood.[2]  While Eley's motion asserts many allegations and is far from a model of clarity,

---

[2] Eley's motion to compel was filed on January 13, 2006, approximately one month after the close of discovery.  While there is no time limit on filing a motion to compel, the motion should be made within a reasonable time, or the court may find there has been a waiver, particularly if the non-moving party would be prejudiced. *Kendrick v. Heckler*, 778 F.2d 253 (5th Cir. 1985); *Suntrust Bank v. Blue Water Fiber L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (collecting cases); *see, e.g.*, *Gault v. Nabisco Biscuit Co.*,184 F.R.D. 620, 622 (D. Nev. 1999) (denying as untimely motion to compel further responses when filed one hundred and thirty-six days after receipt of allegedly deficient responses and seventy-six days after close of discovery, and no showing that delay was caused by matters outside moving party's control).
    Here, however, the Court will not deem Eley's Second Motion to Compel untimely.  Eley filed the motion shortly after the close of discovery and prior to the filing of any dispositive motions, and Herman has not argued the untimeliness of the motion or that he will be prejudiced by it. *Contra Packman v. Chicago Tribune Co.*, 267 F.3d

each of his assertions will be discussed in turn.

### 1. Motion to Strike Haywood's Affidavit

First, Eley asserts that Haywood's affidavit does not comply with the Court's Order dated November 21, 2005 (Docket # 65), because the affidavit fails to address the Standards and does not incorporate the phrase "possession, custody, and control" as directed by the Court. (Second Mot. to Compel ¶¶ 1, 4.)  Therefore, Eley requests that the affidavit be stricken from the record.

However, when Eley drafted his motion he apparently had not yet seen the Court's January 6, 2006, Order, which articulates the same concerns about Haywood's initial affidavit. (*See* Docket # 77.)  In the Order, the Court directed Herman to file a supplemental affidavit to remedy the deficiencies, and Herman did so on January 10, 2006. (*See* Docket # 77, 78.)

Therefore, because Herman has already filed a supplemental affidavit remedying the deficiencies, Eley's motion to strike will be DENIED AS MOOT.

### 2. Failure to Provide the Current Standards

In Section 3 of his Second Motion to Compel, Eley contends that he never received a copy of the current Standards from Herman.

Eley, however, apparently only requested the June 2001 Standards. (*See* Mot. for Order Compelling Disc., Ex. B at 3.)  Because Eley only requested the June 2001 Standards, Herman was not obligated to send him the current Standards. *See In re Sulfuric Acid Trust Litig.*, 231 F.R.D. 320 (N.D. Ill. 2005) (quoting *Vanston Bondholders Prot. Comm. v. Green*, 329 U.S. 156,

---

628, 646 (7th Cir. 2001) (denying plaintiff's motion to compel where motion was filed after discovery had closed, the summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion). Therefore, the Court will entertain Eley's motion on the merits.

170 (1946)) ("Putting the wrong question is not likely to beget right answers even in law.") Moreover, since the events giving rise to Eley's cause of action occurred in 2003, it is unlikely that the current Standards would even lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Therefore, because Herman cannot be compelled to produce a document that Eley did not request, Eley's motion to compel the production of the current Standards will be DENIED.

### 3. Scrivener's Error in the Certificate of Service

Eley next argues that Herman is "using the U.S. Postage Service to commit mail fraud," directing the Court's attention to Herman's certificate of service attached to a December 29, 2005, Notice of Compliance. (*See* Second Mot. to Compel ¶ 5.) The certificate of service incorrectly states that a Motion for Summary Judgment and Designation of Evidence had been sent to Eley, rather than referring to the attached Notice of Compliance. (*See* Docket # 73.)

It is obvious that Herman made a simple scrivener's error when he referred to the incorrect documents in the certificate of service. Thus, Eley's motion for sanctions in this regard will be DENIED.

### 4. Motion to Compel USM-218 Forms and Internal Inspections and Reviews

Eley next requests the Court to compel Herman to produce (1) the 2003 and 2005 USM-218 Forms, and (2) "[i]nternal inspections and reviews for the past three (3) year[s], according to Section A: Administration/Management, Subsection A.2 of the Core Detention Standards." (Second Mot. to Compel ¶ 8.)

Here, as to the USM-218 Forms, Herman has already filed Haywood's supplemental affidavit, which states that "a thorough and diligent search of ACPD jail records and federal file

7

materials kept by the Sheriff's Department has been made, and there are no Marshal[s] Service USM-218 Core Detention Standard inspection forms in the Sheriff Department's possession, custody or control." (Supplemental Aff. of Trina L. Haywood ¶ 3); *see generally Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)"). "Obviously, [Herman] cannot produce a document it does not possess." *Tomanovich v. Glen*, No. IP 01-1247 C Y/K, 2002 WL 1858795, at *2 (S.D. Ind. Aug. 13, 2002). Thus, Eley's motion to compel will be DENIED with respect to the USM-218 Forms.

As to the internal inspections and reviews that Eley requests, Haywood has stated in her supplemental affidavit that "there are no operational inspections and review reports conducted in accordance with Section A.2 of the Standards in the Sheriff Department's possession, custody or control." (Haywood Supplemental Aff. ¶¶ 3, 6) (internal quotation marks omitted). The affidavit, however, does not articulate what efforts Herman expended to locate the requested documents. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991) (ordering defendant to describe in detail in an affidavit its efforts to locate responsive documents).

Therefore, with respect to the requested internal inspections and reviews, Eley's motion to compel will be GRANTED IN PART, as Herman (or someone in authority on his behalf) will be ordered to execute a supplemental affidavit (1) stating that after diligent search there are no responsive documents in the Sheriff Department's possession, custody or control, other than those previously produced; *see Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997);

and (2) describing his efforts to locate documents responsive to Eley's request. *See Brooks,* 1991 WL 94083, at *5.

### 5.  Motion for Sanctions

Eley also requests that the "Court . . . impose sanctions for [Herman's] intentional withholding [of] crucial evidence," in the nature of reimbursing him for "money, time, and expenses he has accrued, by having to send his contacts to do the job that [Herman] was ordered by the Court to do." (Second Mot. to Compel at 13.)  Eley asserts his request for sanctions under Rule 37(a)(4)(A), centering it primarily on Herman's failure to produce the 2004 USM-218 Form, which Herman claimed did not exist and which Eley ultimately obtained from the Marshals Service.

Under Rule 37(a)(4)(A), a party who fails to comply with a discovery request must pay reasonable expenses, including attorney's fees, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A).  Also, a *pro se* litigant is not eligible for the award of attorney fees. *See Banks v. Bayh*, No. 3:94-CV-504RM, 1996 WL 204493, at *1-2 (N.D. Ind. March 27, 1996).

Here, Eley has failed to produce any evidence that shows Herman had possession, custody, or control of the 2004 USM-218 Form or, much less, that Herman even knew it existed. As discussed *supra*, Haywood states in her affidavit that there are no USM-218 Forms or "correspondence relating to, or record of, any Marshal[s] Service inspections" in the Sheriff Department's possession, custody, or control. (Haywood Supplemental Aff. ¶¶ 3, 6.) Furthermore, the 2004 USM-218 Form is not signed by a representative of the Sheriff's Department, nor is there any indication that it was ever sent to, or received by, the Sheriff's

9

Department. (Second Mot. to Compel, Ex. F.)  Thus, it is reasonable to infer that the Marshals Service simply generated the 2004 USM-218 Form, but never provided the Sheriff's Department with a copy.

Eley further argues that Herman had possession, custody or control over the USM-218 Forms through a contractual relationship between the Sheriff's Department and the Marshals Service.  However, Eley has produced no evidence to support this assertion.  Moreover, even if Herman did have access to documents through a contractual agreement, he would have been hard pressed to request a document *that he did not even know existed*.

Thus, based on the foregoing, it is clear that Herman's responses were "substantially justified."  Accordingly, Eley's motion for sanctions will be DENIED.

### D.  Herman's Motion for Telephonic Discovery Status Conference

On January 23, 2006, Herman filed a Motion for Telephonic Discovery Status in response to Eley's Second Motion to Compel. (Docket # 81.)  As the Court believes that this Order adequately addresses all pending discovery issues and that a status conference is thus unnecessary, Herman's motion will be DENIED. *See* N.D. Ind. L.R. 7.5(a) ("The granting of a motion for oral argument shall be wholly discretionary with the court.")

### E.  Herman's Motion to Quash Depositions Upon Written Questions

On January 23, 2006, over one month after the discovery deadline had passed, Eley served a Notice of Deposition Upon Written Questions to Herman, Thomas Hathaway, and Chaplain Richard Sievers. (*See* Docket # 82-84.)  In response, on January 27, 2006, Herman filed a Motion to Quash Plaintiff's Motions for Deposition Upon Written Questions. (Docket # 88.)

Because Eley desires to embark on discovery well after the discovery deadline has passed, he must establish good cause for his delay under Rule 16(b). *See* Fed. R. Civ. P. 16(b) (discussed *supra* in Section III(B) of this Opinion); *see also Ty, Inc. v. Publ'ns Int'l, Ltd.*, 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. 2003) (explaining that the decision to reopen discovery rests within the broad discretion of the court); *Reytblatt v. Nuclear Regulatory Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. 1991). Eley, however, makes absolutely no attempt to establish good cause with respect to this discovery; instead, he simply served Notices of Deposition Upon Written Questions without ever requesting an extension of the discovery deadline to complete such discovery.[3]

Thus, because Eley offers absolutely no basis for the Court to find good cause to extend the discovery deadline for this discovery, Herman's Motion to Quash will be GRANTED.

### F. Herman's Motion for Extension of Time to Submit Cross-Examination Questions Until After the Court Rules Whether Depositions Upon Written Questions Will Proceed

On January 23, 2006, in addition to its Motion to Quash, Herman filed a Motion for Extension of Time to Submit Cross-Examination Questions Until After the Court Rules Whether Depositions Upon Written Questions Will Proceed. (Docket # 88.)

Normally, cross-examination questions must be served within fourteen days after service of a deposition upon written questions. *See* Fed. R. Civ. P. 31(a)(4). Here, Herman requests that he be granted an extension to serve cross-examination questions until fourteen days after the Court rules on his Motion to Quash.

---

[3] As discussed *supra*, Eley did request an extension of the discovery deadline with respect to obtaining the Standards and the USM-218 Forms (*see* Docket # 70); however, this earlier request fails to carry the day for this later-served discovery, as the depositions upon written questions to Herman, Hathaway, and Sievers were never mentioned in Eley's earlier motion.

11

Because the Court will grant Herman's Motion to Quash, effectively eliminating any need for cross-examination questions, his Motion for Extension of Time to Submit Cross-Examination Questions will be DENIED AS MOOT.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's and Defendant's respective motions are hereby granted or denied as follows:

(1) Plaintiff's Motion for Subpoena (Docket # 69) is GRANTED with respect to the USM-218 Forms for 2003 and 2005, and DENIED AS MOOT in all other respects; the Clerk is directed to send a blank subpoena form to Eley and a copy of Rule 45 of the Federal Rules of Civil Procedure, and Eley is to complete the form and cause it to be served forthwith in accordance with Rule 45;

(2) Plaintiff's Motion for Extension in Discovery (Docket # 70) is GRANTED solely with respect to such time that is reasonable and necessary to receive a response to the subpoena for the 2003 and 2005 USM-218 Forms; however, the December 15, 2005, discovery deadline is *not* extended in any other respect;

(3) Plaintiff's Second Motion for Order to Compel Defendant to Provide Discovery (Docket # 79) is GRANTED IN PART in that Herman is ordered to produce by February 15, 2006, an affidavit that complies with Section III(C)(4) of this Order, and is DENIED in all other respects;

(4) Defendant's Motion for Telephonic Discovery Status Conference (Docket # 81) is DENIED;

(5) Defendant's Motion to Quash Plaintiff's Motions for Deposition Upon

12

Written Questions (Docket # 88) is GRANTED;

(6) Defendant's Motion for Extension of Time to Submit Cross-Examination Questions Until After the Court Rules Whether Depositions Upon Written Questions Will Proceed (Docket # 88) is DENIED AS MOOT.

Furthermore, in light of the foregoing, this Court on its own motion extends the time for Plaintiff to respond to Defendant's motion for summary judgment through April 3, 2006.  Also, the Court observes that Defendant has failed to provide Plaintiff with a Local Rule 56.1(e) notice of the filing of a motion for summary judgment, *see* N.D. Ind. L.R. 56.1(e); thus, Defendant is ORDERED to do so forthwith, inserting a response deadline of April 3, 2006, in the notice.

SO ORDERED.

Enter for this 2nd day of February, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

13